**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIVE BRANDS HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GASTRONOMICO GRACIAS A DIOS, SOCIEDAD RESPONSABILIDAD LIMITADA de CAPITAL VARIABLE; XAIME NIEMBRO ALVAREZ; PABLO LOPEZ VARGAS; JOSE ENRIQUE JIMENEZ BARCENAS; and OSCAR HERNANDEZ SANTIAGO,<br><br>    Defendants. | Case No. 1:20-cv-1213 |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LIVE BRANDS HOLDINGS, LLC, hereby sues GASTRONOMICO GRACIAS A DIOS, SOCIEDAD RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, XAIME NIEMBRO ALVAREZ, PABLO LOPEZ VARGAS, JOSE ENRIQUE JIMENEZ BARCENAS, and OSCAR HERNANDEZ SANTIAGO, and states as follows:

**The Parties**

1. Plaintiff, Live Brands Holdings, LLC (Live Brands or Plaintiff), is a limited liability company formed and existing under the laws of the state of Florida, with its principal place of business in Florida. Live Brands is a successor in interest to the rights of Domaine Select Wine & Spirits, LLC (DSWS), a Delaware limited liability company, with its principal place of business at 105 Madison Avenue, New York, New York, 10016, in New York County.

2. Live Brands is a single member limited liability company and its sole member is BAF II Brand Holdings, Inc., a Florida corporation with its principal place of business located in Florida.

3. Defendant, Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Capital Variable (GAD), is a corporation formed and existing under the laws of the country of Mexico with its principal place of business located in Mexico.

4. Defendant, Xaime Niembro Alvarez (Alvarez) is a citizen and resident of the country of Mexico and is not lawfully admitted for permanent residence in the United States and is not domiciled in the State of Florida.

5. Defendant, Pablo Lopez Vargas (Vargas) is a citizen and resident of the country of Mexico and is not lawfully admitted for permanent residence in the United States and is not domiciled in the State of Florida.

6. Defendant, Jose Enrique Jimenez Barcenas (Barcenas) is a citizen and resident of the country of Mexico and is not lawfully admitted for permanent residence in the United States and is not domiciled in the State of Florida.

7. Defendant, Oscar Hernandez Santiago (Santiago) is a citizen and resident of the country of Mexico and is not lawfully admitted for permanent residence in the United States and is not domiciled in the State of Florida.  (Alvarez, Vargas, Barcenas and Santiago are collectively referred to as the Individual Defendants).

**Jurisdiction**

8. The amount in controversy is in excess of $75,000, exclusive of interests, costs, and attorneys' fees.

9. This Court has subject matter jurisdiction because the amount in controversy exceeds the sum or values of $75,000, exclusive of interest and costs, and is between a citizen of Florida, as Plaintiff, and citizens of a foreign country, Mexico, and none of the defendants are lawfully admitted for permanent residence in the United States who are domiciled in the State of Florida.

10. This Court has personal jurisdiction over the parties because: (a) the basis of this lawsuit is a contract between DSWS and GAD which required substantial acts to be performed in New York; (b) injuries as a result of the breach occurred in New York County, New York; (c) the contract at issue has a specific provision which requires that a lawsuit to resolve any dispute involving the contract "must be brought in New York, New York."; and (d) the contract requires the Individual Defendants who negotiated and agreed to the terms of the contract, as the four shareholders of GAD, to transfer their shares of GAD to a Florida entity, as more fully alleged below.

**Substantive Allegations**

11. GAD produces, and owns the registered trademark rights in, Mezcal brand alcoholic spirits.

12. DSWS entered into a binding Memorandum of Understanding (MOU) with GAD, a copy of which is attached as **Exhibit 1**. As such, there was both an offer and an acceptance of the terms of the MOU by both DSWS and GAD.

13. DSWS and GAD each gave good and valuable consideration in exchange for entering into the MOU.

14. The MOU states specifically that it is the intent of DSWS and GAD that the parties be bound by the provisions of the MOU.

15. The MOU provides DSWS, along with other rights, exclusive global distribution rights to spirits produced by GAD and also appoints DSWS as the exclusive GAD importer for the United States, including granting the right to handle all marketing and promotional activities in the United States.

16. Under the terms of the MOU, DSWS (or affiliate) agreed to invest $750,000 in GAD Spirits for a 50% ownership interest in GAD Spirits, LLC, a Florida limited liability company (GAD Spirits) (Ex. A, ¶4(a)). The shareholders of GAD agreed to contribute 100% of their shares in GAD to GAD Spirits (Ex. A, ¶4(b)). As such, under the terms of the MOU, DSWS was to own 50% of GAD Spirits and the then-existing shareholders of GAD were to own the other 50% of the shares of GAD Spirits, and GAD Spirits was to own 100% of the shares of GAD.

17. DSWS provided GAD $285,000 of the $750,000, which, under the terms of the MOU, were used for construction and expansion of GAD's production facilities in Oaxaca, Mexico.

18. DSWS also provided GAD $115,000 which, under the terms of the MOU, were to be used to for general working capital (inventory, dry goods, and other costs associated with proposed development and transaction fees).

19. The remaining $350,000 of the $750,000 was to be funded by DSWS in accordance with a funding schedule set forth in the MOU and was conditioned on: (a)

GAD achieving certain operating targets identified on Exhibit C to the MOU; (b) GAD redeeming the membership interests owned by the then-existing owners of GAD in GAD Spirits; (c) GAD having ownership, free of liens, of the fixed assets used in the production of distilled spirits produced by GAD; and (d) the right to use the land where GAD operates for 30 to 50 years, without expense.

20. Notwithstanding GAD's failure to comply with all of the conditions precedent for the funding of the remaining $350,000, DSWS attempted to contribute the $350,000 to GAD but GAD wrongfully refused to accept the money.

21. DSWS has assigned all of its rights and obligations under the MOU to Plaintiff Live Brands.

22. GAD breached the MOU by:

(a) Failing to provide proof to DSWS or Live Brands that GAD has ownership, free and clear of liens, of the fixed assets used in the production of the distilled spirits produced by GAD;

(b) Failing to provide proof to DSWS or Live Brands that it has the right to redeem the membership interests of the existing investors of GAD in GAD Spirits upon DSWS paying the remaining $350,000 due under the MOU;

(c) Failing to provide proof to DSWS or Live Brands that GAD achieved specified operating targets, as specified in Exhibit C to the MOU;

(d) Failing to provide proof to DSWS or Live Brands that GAD has the right to use the land where GAD operates for 30 to 50 years without expenses;

(e) Failing to provide proof to DSWS or Live Brands that the GAD shareholders contributed 100% of their shares in GAD to GAD Spirits in exchange for a direct or indirect 50% ownership interest in GAD Spirits; and

(f) Failing to provide DSWS or Live Brands a 26.67% ownership interest in GAD Spirits for its proportional funding of the amounts set forth in the MOU.

(g) Upon information and belief, granting distribution rights to one or more third parties for spirits produced by GAD, which violates Plaintiff's rights under the MOU to be the exclusive GAD importer for the United States, including granting the right to handle all marketing and promotional activities in the United States; and

(h) Not acting in good faith and violating the implied covenant of good faith and fair dealing by refusing to comply with the conditions precedent for funding the $350,000 and then refusing to accept the $350,000 when tendered by DSWS.

23. Live Brands, as assignor of the rights of DSWS under the MOU, has been damaged as a result of GAD's breach of the MOU.

## COUNT I

24. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23, as if fully set forth herein.

25. This is a cause of action seeking monetary damages for GAD's breach of the MOU.

**WHEREFORE,** Live Brands prays this Court enter a judgment in favor of Live Brands and against GAD for compensatory damages for breach of the MOU, for interest on all amounts owed, and for such other and further relief as may be deemed appropriate.

### COUNT II

26. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23, as if fully set forth herein.

27. There is no adequate remedy at law, such as monetary damages, which can compensate Live Brands for GAD's breach of the MOU.

**WHEREFORE,** Live Brands prays this Court enter a judgment in favor of Live Brands and against GAD: (a) enforcing the conversion of DSWS's investment into equity, as required under the terms of the MOU, resulting in a 26.67% ownership of GAD Spirits; (b) enforcing the provisions of the MOU by requiring GAD to accept the additional $350,000 due for an additional 23.43% interest in GAD Spirits; (c) requiring GAD to provide proof to Live Brands that GAD has ownership, free and clear of liens, of the fixed assets used in the production of the distilled spirits produced by GAD; (d) requiring GAD to provide proof to Live Brands that it has the right to redeem the membership interests of the existing investors of GAD in GAD Spirits upon Live Brands paying the remaining $350,000 due under the MOU; (e) requiring GAD to provide proof to Live Brands that GAD achieved specified operating targets, as specified in Exhibit C to the MOU; (f) requiring GAD to provide proof to Live Brands that GAD has the right to use the land where GAD operates for 30 to 50 years without expense; and (g) requiring Gad to provide proof to Live Proof that the GAD shareholders contributed 100% of their shares in GAD to GAD Spirits in exchange for a direct or indirect 50% ownership interest in GAD Spirits.

Live Brands also prays this Court enter a judgment for costs and such other and further relief as may be deemed just under the circumstances.

### COUNT III

28. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23, as if fully set forth herein.

29. The Individual Defendants, as the four shareholders of GAD, negotiated the terms of the MOU and agreed to the term of the MOU, including the provision where the Individual Defendants agreed to contribute 100% of their shares in GAD to GAD Spirits in exchange for a direct or indirect 50% ownership interest in GAD Spirits.

30. Despite numerous requests, neither DSWS nor Live Brands has received confirmation that the Individual Defendants have contributed 100% of their shares in GAD to GAD Spirits in exchange for a direct or indirect 50% ownership interest in GAD Spirits.

31. There is no adequate remedy at law, such as monetary damages, which can compensate Live Brands for the Individual Defendants' failure to contribute their shares of GAD to GAD Spirits, as required by the MOU.

**WHEREFORE,** Live Brands prays this Court enter a judgment in favor of Live Brands and against the Individual Defendants, requiring the Individual Defendants to contribute 100% of their shares in GAD to GAD Spirits in exchange for a direct or indirect 50% ownership interest in GAD Spirits.  Live Brands also prays this Court enter a judgment for costs and such other and further relief as may be deemed just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Live Brands Holdings, LLC, hereby demands a trial by jury on all issues so triable.

Dated: February 18, 2020

                                                 *s/John D. Goldsmith*
                                                 JOHN D. GOLDSMITH
Florida Bar No. 444278
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
(813) 223-7474
(813) 229-6553 (fax)
jgoldsmith@trenam.com
idawkins@trenam.com
svanboskerck@trenam.com
Attorneys for Plaintiff