USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
LIVE BRANDS HOLDINGS, LLC,                          :
                                                    :
                                    Plaintiff,      :
                                                    :         1:20-cv-01213-GHW
              -against-                             :
                                                    :         ORDER
GASTRONOMICO GRACIAS A DIOS,                        :
SOCIEDAD RESPONSABILIDAD                            :
LIMITADA de CAPITAL VARIABLE;                       :
XAIME NIEMBRO ALVAREZ;                              :
PABLO LOPEZ VARGAS;                                 :
JOSE ENRIQUE JIMENEZ BARCENAS;                      :
and OSCAR HERNANDEZ SANTIAGO,                       :
                                                    :
                                    Defendants.     :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On February 11, 2020, Plaintiff initiated this action against Defendants. Dkt. No. 1. The sole corporate defendant is "a corporation formed and existing under the laws of the country of Mexico with its principal place of business located in Mexico." *Id.* ¶ 2. All of the individual defendants are citizens of Mexico. *Id.* ¶¶ 3–6. Summonses were issued for each defendant on February 12, 2020. Dkt. Nos. 8–12. On February 19, 2020, the Court scheduled an initial pretrial conference for May 14, 2020 at 4:00 p.m. Dkt. No. 18. The Court further directed the parties to submit a joint letter and a proposed case management plan by no later than May 7, 2020. *Id.*

On May 7, 2020, Plaintiff filed three motions related to its failure to serve Defendants to date. Dkt. Nos. 19-21. Plaintiff filed a motion to adjourn the initial pretrial conference, and for an extension of time to file the joint letter and proposed case management plan. Dkt. No. 20. That motion is granted.

Plaintiff also filed a motion for issuance of letters rogatory and a motion to serve

Defendants via alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3).[1]  Dkt. Nos. 19, 21.  Because Plaintiff has not explained why service need not or should not be effected under the Hague Convention, these motions are denied without prejudice.

Under Federal Rule of Civil Procedure 4(f)(1), an individual "may be served at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention").  Fed. R. Civ. P. 4(f)(1).  Rule 4(f)(2) provides for service procedures "if there is no internationally agreed means, or if an international agreement allows but does not specify other means."  Fed. R. Civ. P. 4(f)(2).  Letters rogatory are one permissible option under this provision.  Fed. R. Civ. P. 4(f)(2)(B).  An individual may also be served "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  "Under Rule 4(h)(2), service of process on a foreign business entity may be made in the same manner as on individual defendants under Rule 4(f)" with one exception not relevant here.  *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 CIV. 9505 (ALC), 2012 WL 299959, at *1–2 (S.D.N.Y. Jan. 31, 2012).

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *RSM Prod. Corp. v. Fridman*, No. 06 CIV. 11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007).  "[D]istrict courts in this Circuit generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3):  (1) a showing that the plaintiff has reasonably attempted to effectuate service on the

---

[1] Plaintiff also filed on the docket its proposed letter rogatory.  Dkt. No. 22.  This document was rejected as deficient and Plaintiff was directed to re-file the document.  When Plaintiff re-filed the document, Dkt. No. 23, it failed to comply with Rule 1(F) of the Court's Individual Rules of Practice in Civil Cases.  Plaintiff is directed to review and comply with the Court's Individual Rules in the future.  The Court does not sign documents that are filed without support.  Here, Plaintiff made a substantive change to the proposed letter rogatory—including a statement that Plaintiff would pay the costs of executing the letters.  But Plaintiff provided no support for that commitment by the Court.

defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Devi v. Rajapaska*, No. 11 CIV. 6634 (NRB), 2012 WL 309605, at *1–2 (S.D.N.Y. Jan. 31, 2012).

"Generally, there is no hierarchy among the subsections in Rule 4(f)."[2] *Advanced Aerofoil Techs.*, 2012 WL 299959, at *1. However, "[t]he Hague Convention's procedures are mandatory when serving a foreign party in a signatory country." *GMA Accessories, Inc. v. BOP LLC*, No. 07 Civ. 3219 (PKC), 2009 WL 2856230, at *1 (S.D.N.Y. Aug. 28, 2009) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705 (1988) (stating in dicta that "[c]ompliance with the [Hague] Convention is mandatory in all cases to which it applies"); Advisory Committee Notes to 1993 Amendment to Rule 4(f) ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."); *but see In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("This Court concurs that there will undoubtedly be many instances where significant efforts to make service under the Hague Convention should be required by a court before alternative service is ordered. But nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)."). "[B]oth Mexico and the United States are signatories to the Hague Convention, and thus, service of process on the Defendants in Mexico must conform to the requirements of the Hague Convention." *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 332–33 (S.D.N.Y. 2008) (citing *Volkswagenwerk Aktiengesellschaf,* 486 U.S. at 705). "The Hague Convention provides for several alternate methods of service: (1) service through the Central Authority of member states; (2) service

---

[2] Plaintiff correctly quotes *Advanced Aerofoil* for this proposition. However, Plaintiff failed to disclose that this case also recognizes that "the Hague Convention's procedures for service are mandatory because Switzerland and Germany, the countries in which Plaintiffs sought to serve the documents on the foreign defendants, are signatories to that convention." *Advanced Aerofoil Techs.*, 2012 WL 299959, at *2. The omission of this aspect of the decision is arguably misleading, given Plaintiff's failure to address the prospect of service under the Hague Convention in its motion.

3

through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299–300 (2d Cir. 2005).

Plaintiff does not argue that the Hague Convention is inapplicable here and has not justified its failure to attempt to effect service under the Hague Convention.[3] Its only attempt at service to date involved waiting for an individual defendant, who is a principal and officer of the corporate defendant, to travel to New York City in mid-March, and looking for other opportunities to serve Defendants in the United States. *See* Alternative Service Motion at 3–6. Plaintiff has not attempted to use any of the methods of service under the Hague Convention. Therefore, Plaintiff has not made a showing that it "reasonably attempted to effectuate service" on Defendants. *See Devi*, 2012 WL 309605, at *1–2 (S.D.N.Y. Jan. 31, 2012) (holding that plaintiff failed to show that it reasonably attempted to effectuate service where "plaintiff has not attempted to serve defendant through the Hague Convention, the traditional mechanism for effectuating service abroad" and requiring formal attempt at service through the Hague Convention prior to authorizing service by alternative means). Thereover, the Court denies Plaintiff's motions to authorize alternative service and for issuance of letters rogatory at this time.

Plaintiff is not bound by the 90-day window for service provided by Federal Rule of Civil

---

[3] Plaintiff's only argument regarding service under the Hague Convention being inappropriate is:

> "Although Plaintiff is not required to identify a reason not to sue Letters Rogatory to serve GAD under the Hague Convention, the undersigned's experience is that service of process through Letters Rogatory in Mexico often takes between eight and twelve months once the process is received by Mexican authorities and is often rejected many months into the process for inconsistent reasons."

Plaintiff's Motion for Entry of Order Permitting Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) ("Alternative Service Motion"), Dkt. No. 19, at 2 n.1. It is not clear why Plaintiff's experience with letters rogatory is relevant to the Hague Convention because service under the Hague Convention does not require letters rogatory. Pursuant to Article 3 of the Hague Convention, "[t]he authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality." 20 U.S.T. 362, T.I.A.S. 6638, Art. 3. Moreover, Plaintiff need not seek court intervention in order to effect service under the Hague Convention. *See Charleston Aluminum, LLC v. Ulbrinox S. De R.L. de S.V.*, No. CIV.A. 3:12-2389-MBS, 2013 WL

Procedure 4(m) because Rule 4(m) does not apply to service in a foreign country. Fed. R. Civ. P. 4(m). However, "[w]hen the foreign country exception [applies], the court uses a flexible due diligence standard to determine whether service of process was timely. The plaintiff has the burden of proof in showing that it exercised due diligence in not timely serving defendant. Under this standard, the court assesses the reasonableness of the plaintiff's efforts and the prejudice to the defendant from any delay." *In re Bozel S.A.*, No. 1:16-CV-3739 (ALC), 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017). The Court reminds Plaintiff of its obligation to effectuate service on Defendants in a reasonably timely manner. Plaintiff's failure to consider service under the Hague Convention does not weigh favorably in the Court's assessment of Plaintiff's efforts to date. Failure to make reasonable efforts may result in the dismissal of this action.

Accordingly, Plaintiff's motion for entry of letters rogatory, Dkt. No. 21, and motion for service by alternative means, Dkt. No. 19, are DENIED. Plaintiff's motion to adjourn the initial pretrial conference, Dkt. No. 20, is GRANTED. The initial pretrial conference scheduled for May 14, 2020 is adjourned to September 22, 2020 at 4:00 p.m. The materials described in the Court's February 19, 2020 order, Dkt. No. 18, are due by no later than September 15, 2020.

---

152895, at *2 (D.S.C. Jan. 15, 2013) ("The court construes Article 3 of the Hague Convention broadly enough to include, not only government officials affiliated with the courts, but also officers of the court, such as attorneys. As such, Article 3 of the Hague Convention does not create a singular obligation on the court to effectuate service of process in this lawsuit. Rather, as is typically the case, that is Plaintiff's responsibility.").

Furthermore, Plaintiff's concern about delay is unsupported by the record, other than an unsworn statement about counsel's personal experience. The concern is also premature. *See Advanced Aerofoil Techs.*, 2012 WL 299959, at *1–2 ("This is not a matter where the foreign state has refused to take action or where service has been unduly delayed by the foreign state. Plaintiffs finished service merely two weeks ago."). Moreover, in light of Plaintiff's apparent concerns about delay, Plaintiff could have initiated the service of process abroad nearly three months earlier, when it received a summons for each defendant.

The Clerk of Court is directed to terminate the motions pending at docket numbers 19, 20, and 21.

SO ORDERED.

Dated: May 13, 2020

                                                           GREGORY H. WOODS
                                                         United States District Judge