```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                             :
LIVE BRANDS HOLDINGS, LLC,                                   :
                                                             :
                        Plaintiff,                           :
                                                             :                20-CV-1213 (JPC)
        -v-                                                  :
                                                             :                     ORDER
GASTRONOMICO GRACIAS A DIOS, SOCIEDAD                        :
RESPONSABILIDAD LIMITADA DE CAPITAL                          :
VARIABLE et al.,                                             :
                                                             :
                        Defendants.                          :
                                                             :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/8/2020__

JOHN P. CRONAN, United States District Judge:

On November 12, 2020, Plaintiff filed a motion for judicial assistance in effecting service under the Hague Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters. (Dkt. 28.) For the reasons stated below, that motion is denied without prejudice.

Plaintiff initiated this action on February 11, 2020 against a Mexican corporation and four Mexican individuals. (Dkt. 1.) On May 7, 2020, Plaintiff filed a motion for entry of an order permitting service of process pursuant to Federal Rule of Civil Procedure 4(f)(3) and a motion for issuance of letters rogatory. (Dkts. 19, 21.) On May 13, 2020, the Honorable Gregory H. Woods denied these motions, Dkt. 24, and directed Plaintiff to effect service on the Defendants pursuant to the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1).

In an effort to comply with this order, Plaintiff "retained a Mexican law firm to assist and to ensure compliance with the requirements of Mexico's Central Authority." (Dkt. 28 at 2.) However, according to Plaintiff, the Central Authority "rejected the request and required that this Court sign the Request and send it to the Central Authority directly." *Id.* at 3. Thus, Plaintiff claims

it "cannot effect service on the Mexican Defendants on its own." *Id.*

On the current record, the Court is unpersuaded that Plaintiff has shown an inability to effect service. As explained in Judge Woods's order, Dkt. 24, "[t]he Hague Convention provides for several alternate methods of service: (1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005). Plaintiff attempted to serve Defendants under the first option and has experienced difficulties. (Dkt. 28.) However, Plaintiff has failed to explain why it cannot effect service through other means. For example, in a previous filing, Plaintiff explained that it attempted "direct service of process on the individual defendants" and suggested that Plaintiff may argue that this method of service "complies with Mexican law." (Dkt. 25 at 5 & n.1.)

Within two weeks of the filing of this Order, Plaintiff shall submit the following:

1. Written communication from Mexico's Central Authority in which the Central Authority "rejected [Plaintiff's] request and required that this Court sign the Request and send it to the Central Authority directly," Dkt. 28 at 3, along with a certified English translation, if necessary;

2. A detailed explanation of whether Plaintiff attempted service through other methods. If Plaintiff believes that service through Mexico's Central Authority is the exclusive method by which Plaintiff can effect service on Defendants in Mexico, Plaintiff shall state this and support this position with citation to relevant authority. If Plaintiff believes that other methods of service in Mexico are allowed under the Hague Convention, Plaintiff shall state this and support this position with citation to relevant authority, and further explain whether Plaintiff has attempted those methods of service (and if Plaintiff has not, explain why not);

3.  Citation to authority in which courts permitted service of process in Mexico or another foreign country by means of the court "sign[ing] and deliver[ing] to [the] Central Authority the Request for Service Abroad of Judicial or Extrajudicial Documents," Dkt. 28 at 4.

If Plaintiff wishes to move for an order permitting other alternative means of service, Plaintiff is free to do so pursuant to the applicable provisions of Rule 4(f).

Plaintiff's motion for judicial assistance in effecting service under the Hague Convention, Dkt. 28, is DENIED without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 28.

SO ORDERED.

Dated: December 7, 2020  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge