UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                                                                 :

LIVE BRANDS HOLDINGS, LLC,                                                :

                                Plaintiff,                            :

                                                                         :           20 Civ. 1213 (JPC)

                -v-                                                 :

                                                                         :               <u>ORDER</u>

GASTRONOMICO GRACIAS A DIOS, SOCIEDAD :
RESPONSABILIDAD LIMITADA DE CAPITAL :
VARIABLE, *et al.*,                                                  :

                                Defendants.                        :

------------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

      Federal Rules of Civil Procedure 4(f) and 4(h) permit service of process on individuals in foreign countries. Plaintiff Live Brands Holdings, LLC, has moved to allow service under one of the methods outlined in Rule 4(f): "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. Proc. 4(f)(3); *see* Dkt. 41 ("Motion for Alternative Service"). Although court-ordered, "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *accord In re BRF S.A. Sec. Litig.*, No. 18 Civ. 2213 (PKC), 2019 WL 257971, at *2 (S.D.N.Y. Jan. 18, 2019). It is instead "merely one means among several which enables service of process on an international defendant." *Rio Properties*, 28 F.3d at 1015; *accord In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at *2. Thus, a plaintiff need not exhaust the other provisions of Rule 4(f) before seeking court-ordered service. *See In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at *2. But courts in this District have explained that a showing by a plaintiff that (1) it reasonably attempted to serve a defendant through other means and (2) that judicial intervention is necessary, help "guide the exercise of discretion" in deciding whether to order service under Rule 4(f)(3). *Id.*

"Rule 4(f)(3) permits a court to authorize a means of service on a foreign defendant so long as that means of service is not prohibited by international agreement and comports with constitutional notions of due process." *Id*. Service satisfies due process when the "notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Luessenhop v. Clinton Cnty., New York*, 466 F.3d 259, 269 (2d Cir. 2006).

Here, Live Brands has reasonably attempted to serve Defendants through other means and met the requirements under Rule 4(f)(3). First, Live Brands has tried on multiple occasions to serve Defendants, including by personal service and through means outlined in the Hague Convention. *See* Dkt. 42 ¶¶ 2, 5, 7. Plus, the record suggests that Defendants are already aware of this action, as reflected by their participation in settlement talks with Live Brand's Mexican retained lawyer. *Id.* ¶ 11. Second, nearly all Live Brands's proposed means of service—(1) serve Defendant Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Capital Variable's ("GAD") authorized United States distributor, (2) serve the New York Secretary of State, (3) emailing the documents to Defendants and their Mexican attorneys, and (4) publishing notice for four weeks in a Mexican newspaper of general circulation in Defendants' location—do not violate international agreements and comport with due process.[1] *See Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (explaining that service by email is appropriate even when country "object[s] to service through 'postal channels'"); *SEC v.*

---

[1] Mexico has objected to service under Article 10 of the Hague Convention, which addresses, *inter alia*, service by postal channels. *See Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293 (10th Cir. 2020); United States Department of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Mexico.html (last visited Dec. 21, 2021). Thus, the Court denies Live Brand's proposed service "by Federal Express or another commercial international delivery service." Motion for Alternative Service at 14; *see also Williams-Sonoma Inc. v. Friendfinder Inc.*, No. 06 Civ. 06572 (JSW), 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email, but not by international mail, for defendants in countries that objected to Article 10).

*Anticevic*, No. 05 Civ. 6991 (KMW), 2009 WL 361739, at *5 (S.D.N.Y. Feb. 13, 2009) (authorizing service in three international publications for four consecutive weeks); *Paushok v. Ganbold*, 487 F. Supp. 3d 243, 246 (S.D.N.Y. 2020) (authorizing service by email and on the defendant's counsel).

The Court therefore grants Live Brands's motion for alternative service. By January 31, 2022, Live Brands shall (1) serve process on GAD's authorized distributor, Palm Bay International, Inc., (2) serve the New York Secretary of State, (3) email a copy of the summons, the Amended Complaint, and this Order, with a copy translated into Spanish, to Defendants and Defendants' Mexican attorneys, and (4) publish notice of the lawsuit for four consecutive weeks in a newspaper in general circulation where Defendants are located. The Court is respectfully directed to close the motion pending at Docket Number 41.

SO ORDERED.

Dated: December 21, 2021  
      New York, New York

                                     JOHN P. CRONAN  
                                   United States District Judge