# LAW OFFICE OF DAVID TENNANT PLLC

3349 Monroe Avenue, Suite 345, Rochester, NY, 14618
585-281-6682
david.tennant@appellatezealot.com

June 20, 2022

Hon. John P. Cronan, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   *Live Brand Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad, Limitada de Capital Variable, et al*.   1:20-cv-1213 (JPC)

Dear Judge Cronan:

Defendants hereby submit their letter-motion seeking seek a stay of discovery until the Court issues its ruling on the pending motion to dismiss, which has been sub judice since May 9, 2022. Defendants' counsel conferred with counsel for Plaintiff on June 20, 2022, and Plaintiff is opposed to an indefinite stay but is agreeable to a 60-day extension of all deadlines in the Case Management Order.  In this respect the parties are in agreement that discovery costs will be substantial and may be unnecessary to incur.  Given the Court's familiarity with the fully-briefed motion to dismiss, Defendants respectfully request a stay but would accept a 60-day extension of all deadlines if the Court anticipates ruling within that period.  Below we brief the request for a full stay of discovery.

   A.  <u>Applicable standard</u>

Pursuant to Federal Rule of Civil Procedure 26(c), the Court has broad discretion to issue a protective order on matters relating to discovery. *See* Fed. R. Civ. P. 26(c)(1); *see also O'Sullivan v. Deutsche Bank AG*, 17-CV-8709 (LTS) (GWG), 2018 WL 19895 at *3 (S.D.N.Y. April 26, 2018).  Specifically, the Rule dictates "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). "This rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc*., 593 F. App'x 32, 36 (2d Cir. 2014) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)) (internal quotation marks omitted).  *See Farzan v. Bridgewater Assocs., LP*, 699 F. App'x 57, 58 (2d Cir. 2017) (affirming district court decision staying discovery pending resolution of pre-answer motion to dismiss).

To be sure, discovery is not automatically stayed pending a motion to dismiss.  *Usov v. Lazar*, No. 13 CIV. 818 RWS, 2013 WL 3199652, at *9 (S.D.N.Y. June 25, 2013) ("Defendants are

Hon. John P. Cronan
June 20, 2022
Page 2

incorrect, though, that discovery must automatically be stayed pending a motion to dismiss."); *In re WRT Energy Sec. Litig.*, No. 96 CIV. 3610 (JFK), 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) ("While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic").  Good cause for a stay under Rule 26(c)(1) is determined by application of three factors: (1) whether a defendant has made a strong

showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.  *O'Sullivan,* 2018 WL 1989585 at * 4*; Morien v. Munich Reins. Am., Inc*., 270 F.R.D. 65, 67 (D. Conn. 2010); *Josie-Delerme v. Am. Gen. Fin. Corp*., No. 08 Civ. 3166, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009).  "In some circumstances, a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." *O'Sullivan*, 2018 WL 1989585 at * 4 (citing *Brooks v. Macy's, Inc.*, No. 10-CV- 5304 (BSJ) (HBP), 2010 WL 5927756 (S.D.N.Y. Dec. 21, 2010) at * 2 ("Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order.") (citations omitted).

  B. <u>Under the applicable standard, the Court should stay the parties' discovery obligations pending resolution of the Defendants' motion to dismiss</u>:

(1) <u>The motion to dismiss is meritorious and entirely dispositive</u>.  See briefing.

(2) <u>Plaintiff discovery requests are extremely broad and burdensome.</u>

Plaintiff's document request include seeking discovery as to all communications and dealings between GAD and three non-party wine and spirits distributors, and a request seeking detailed financial information from GAD, including "all documents showing for GAD its:  (a) income (b) Revenue; (c) expenses; (d) balance sheets; (e) Earnings before Interest, Taxes, Depreciation and Amortization; (f) profit and losses and/or (g) financial statements" and all tax filings and tax returns of GAD filed with any governmental entity."  All of Plaintiff's document request are irrelevant if the MOU is enforced according to its terms, as stated in Defendants' moving papers.  All of the requests are made without any limitations in time.  *See Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM) (JLC), 2018 WL 4938808 (Oct. 11, 2018) at * 3-4 (granting stay of deposition discovery given burdensome nature, potential privilege issues and defendants' strong arguments favoring dismissal) (citing *O'Sullivan*, 2018 WL 1989585, at * 4).  Plaintiff's request also ignore the fact that three of the four individual defendant-shareholders in GAD named as defendants did not sign the MOU, have no liability to Plaintiff under any reading of the MOU, and thus are not proper parties to serve with document requests.

(3) <u>There is no unfair prejudice to Plaintiff  in imposing a stay pending resolution of the motion to dismiss</u>.

Defendants have provided with its Rule 26 Initial Disclosures substantially all documents pertaining to the negotiation, execution, performance and termination of the MOU.  And, where, as here, a case is relatively young, "[a] stay pending determination of a dispositive motion that

Hon. John P. Cronan
June 20, 2022
Page 3

potentially eliminates the entire action will neither substantially nor unduly delay the action . . . . " *Shulman*, 2018 WL 4938808, at * 4 (citing *Spinelli v. Nat'l Football League*, No. 13-CV-7398, 2015 WL 7302266, at * 2 (S.D.N.Y. Nov. 17, 2015) ("[a]t this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice"); *Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572 (VSB), 2021 WL 1893316 at * 3 (S.D.N.Y. May 10, 2021) (same).

Respectfully submitted,

/s/ David H. Tennant

David H. Tennant


cc:  John D. Goldsmith

---

The Court grants a 60-day extension of all deadlines in the Case Management Order and denies the request to stay discovery without prejudice.  At the end of the 60-day extension, on August 19, 2022, Defendants may renew their request to stay discovery.  The Clerk of the Court is respectfully directed to close the motion pending at Docket Number 61.

SO ORDERED.
Date: June 21, 2022
     New York, New York

_____
JOHN P. CRONAN
United States District Judge