**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIVE BRANDS HOLDINGS, LLC, <br><br>                Plaintiff, <br><br>   - against - <br><br> GASTRONOMICO GRACIAS A DIOS, SOCIEEDAD RESPONSIBILIDAD LIMITADA de CAPITAL VARIABLE et al. <br><br>               Defendants. | Case No. 1:20-cv-1213-JPC <br><br> **STIPULATED PROTECTIVE ORDER AND FED. R. EVID. 502(d) AND (e) CLAWBACK <u>AGREEMENT/ORDER</u>** |

Plaintiff Live Brands Holdings, LLC and Defendants Gastronomico Gracias a Dios, Sociedad Responsibilidad Limitada de Capital Variable et al. (together, the "Parties"), through their counsel of record, stipulate to the entry of an order by the Court limiting or prohibiting disclosure of designated confidential and proprietary documents and information and governing the return of inadvertently produced documents and data ("Stipulated Protective Order") on the following terms:

1.    This Stipulated Protective Order shall govern any designated documents or information produced in the above-captioned action (the "Action"), including all designated deposition testimony, interrogatory responses, documents (including, but not limited to, electronically stored information of any kind), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or any other formal method of discovery).

2.    As used in this Stipulated Protective Order, "CONFIDENTIAL" shall mean any information, documents, testimony, or other things furnished in the course of this Action that any Party, in good faith, deems confidential and designates as "CONFIDENTIAL" pursuant to the procedures set forth within this Stipulated Protective Order. As used in this Stipulated Protective Order, "ATTORNEYS' EYES ONLY" shall mean any information, documents, testimony, or other things furnished in the course of this Action that are not already known to the receiving Party, or information that is private, confidential, or commercially sensitive information with respect to any Party (including that Party's current and former employees). Designation of information as "ATTORNEYS' EYES ONLY" means that the information is also designated as "CONFIDENTIAL," as defined in this Stipulated Protective Order. The Parties agree to designate information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on a good faith basis and not for purposes of harassing the receiving Party or unnecessarily restricting access to information.

3.    Documents and things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be referred to collectively as "CONFIDENTIAL INFORMATION."

4.    Subject to this Stipulated Protective Order, each Party shall have the right to designate any information, document (or portion of any document) furnished by it in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as set forth above. The designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made by stamping each page of the

document containing confidential information with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving Party that the information or document shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Stipulated Protective Order.

5.   If "CONFIDENTIAL INFORMATION" is used or referenced in a deposition or hearing, the Party who wishes to designate those portions of the transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may do so on the record at the time of the deposition or hearing. If no designation is made on the record, the transcript shall presumptively be treated as if it contains "CONFIDENTIAL INFORMATION" for a period not to exceed thirty (30) calendar days from receipt of the transcript by counsel of record for each of the Parties herein. Within these thirty (30) calendar days, the Parties may designate those portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by providing written notice to the adverse Parties. If timely written notice is provided, the use at a deposition or hearing of CONFIDENTIAL INFORMATION shall not modify or diminish the effect of that designation with respect to other witnesses or uses.

*Any party seeking to file a redacted or sealed document shall follow the procedures in 4.A-B of the Court's Individual Rules and Practices in Civil Cases.*

6.   Each Party and all persons bound by the terms of this Stipulated Protective Order shall use "CONFIDENTIAL INFORMATION" only for the purpose of prosecution or defense of this Action, and for no other purpose.

7.    Disclosure of information designated as "CONFIDENTIAL," including summaries thereof, shall be limited to:

(a)  the Court, and its personnel, including stenographic reporters;

(b)  the Parties;

(c)  the Parties' counsel of record, including in-house counsel, and associate attorneys, as well as paralegals, clerical, and stenographic employees assisting any of these counsel; and

(d)  the following persons, who shall be required first to execute the requisite declaration attached as Exhibit "A":

(1)    consultants or experts retained by the Parties to consult or testify in the case;

(2)    stenographers and videographers of deposition proceedings;

(3)    services retained by counsel to photocopy documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation;

(4)    any person that a document, on its face, indicates has previously seen or received the designated information, such as authors, drafters, recipients, and copyholders of the documents or information;

(5)    witnesses who testify in deposition; and

(6)    any other person as to whom the Parties, in writing, agree.

8.    Disclosure of information designated as "ATTORNEYS' EYES ONLY," including summaries thereof, shall be limited to:

(a) the Court;

(b) the Parties' counsel of record, including in-house counsel, and associate attorneys, as well as paralegals, clerical, and stenographic employees assisting any of these counsel; and

(c) the following persons, who shall be required first to execute the requisite declaration attached as Exhibit "A":

    (1)   consultants or experts retained by the Parties to consult or testify in the case;

    (2)   stenographers and videographers of deposition proceedings;

    (4)   services retained by counsel to photocopy documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; witnesses who testify in deposition; and

    (5)   any other person as to whom the Parties, in writing, agree.

9.   If any Party desires to give, show, make available, or communicate documents or information designated by the other Party as "ATTORNEYS' EYES ONLY" to any retained outside expert or consultant, it must first identify, in writing, the experts or consultants to whom it shall give or disclose such documents or information. Such identification shall provide the name and address of the expert or consultant and a then-current resume or curriculum vitae of the expert or consultant. The other Parties shall have five (5) business days from receipt of such notice to object to disclosure to any of the experts or consultants so identified. The reasons for any such objection must be stated in

writing. The Parties shall attempt to resolve any such objections informally. No disclosure pursuant to such informal resolution shall operate as a waiver of any protection afforded to the information or documents by law or by any other provision of this Stipulated Protective Order. If the objections cannot be resolved, the Party seeking to disclose the "ATTORNEYS' EYES ONLY" information or documents to the expert or consultant may move or apply to the Court for an order allowing disclosure. The designating Party shall bear the burden of proving that the "ATTORNEYS' EYES ONLY" information or documents should not be provided to the proposed expert witness or consultant. In the event objections are made and not resolved informally, disclosure of the "ATTORNEYS' EYES ONLY" information or documents to the expert or consultant may not be made except by order of the Court.

10.  Nothing herein shall impose any restrictions on the use or disclosure by a party of "CONFIDENTIAL INFORMATION" that was obtained lawfully by such party, independently of this Action. To the extent that any "CONFIDENTIAL INFORMATION" is to be filed with the Court, each such document and thing shall be filed under seal with the Clerk of this Court, consistent with the Court's orders and applicable rules. Where possible, only the portions of filings containing "CONFIDENTIAL INFORMATION" shall be filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the parties may request waiver of the sealing provisions of this Stipulated Protective Order from the Designating Party. Prior to using "CONFIDENTIAL INFORMATION" in open court, counsel for the Parties

shall confer regarding (and address with the Court) the procedures that will be needed to protect the nondisclosure of the discovery material.

11. In the event that a Party challenges a "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation, that Party must notify the designating Party in writing. Upon the designation being contested, the Parties will attempt to resolve the issue informally. If the Parties are unsuccessful, the Party contesting the designation under this Stipulated Protective Order shall file a motion with this Court identifying with specificity both the information designated "CONFIDENTIAL" and the objection to the designation. Notwithstanding any such contest, the designation shall be respected by all the Parties, and the "CONFIDENTIAL INFORMATION" at issue shall not be used in a manner inconsistent with the designation until the Parties reach an alternative agreement or the Court orders otherwise.

12. Pursuant to Fed. R. Evid. 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a Party's discovery request, or informal production, as follows:

(a) The production of documents, data, or information (including, without limitation, metadata) by a Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and work-product doctrine, to a receiving

Party, shall in no way constitute the voluntary disclosure of such document, data, or information;

(b)     The inadvertent production of documents, data, or information (including, without limitation, metadata) by a producing Party shall not result in the waiver of any privilege or protection associated with such document, data, or information as to the receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

(c)     If any document, data, or information (including, without limitation, metadata) produced by a Party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the receiving Party will promptly notify the producing Party in writing that it has discovered documents, data, and/or information believed to be privileged, immune, or otherwise not subject to production, identify the documents, data, and/or information by Bates number range or hash value range, and return or sequester such documents until the producing Party confirms whether it does indeed assert any privilege protecting such documents, data, and/or information. Once the producing Party asserts privilege over such documents, data, and/or information (as described in paragraph (d) below), the receiving Party will return, sequester, or destroy all copies of such documents, data, and/or information, along with any

notes, abstracts, or compilations of the content thereof, within ten (10) business days of notice from the producing Party. Upon the request of the producing Party, the receiving Party will promptly disclose the names of any individuals who have read or have had access to the document, data, and/or information over which the producing Party asserts privilege;

(d)     If the producing Party intends to assert a claim of privilege or other protection over documents, data, or information identified by the receiving Party, the producing Party will, within ten (10) business of receiving the receiving Party's written notification, inform the receiving Party of such intention in writing and shall provide the receiving Party with a log for such document, data, or information that is consistent with the requirements of the Federal Rules of Civil Procedure and applicable Court rules, setting forth the basis for the claim of privilege, immunity, or other protection. To the extent any portion of the document, data, or information does not contain privileged or protected information, the producing Party shall also provide to the receiving Party a redacted copy of the document, data, or information that omits the portion(s) that the producing Party believes is subject to a claim of privilege, immunity, or other protection; If, during the course of this litigation, a Party determines it has produced a document, data, or information (including, without limitation, metadata) protected from discovery by a legally

recognized claim of privilege, immunity, or other protection, the producing Party may notify the receiving Party of such inadvertent production in writing. The producing Party's written notice will identify the document, data, and/or information inadvertently produced by Bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving Party with a log for such document, data, or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity, or other protection. To the extent any portion of the document, data, or information does not contain privileged or protected information, the producing Party shall also provide to the receiving Party a redacted copy of the document, data, or information that omits the portion(s) that the producing Party believes is subject to a claim of privilege, immunity, or other protection. After receiving such written notification, the receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified document, data, and/or information and any copies, along with any notes, abstracts, or compilations of the content thereof; and

(e)     a receiving Party's return, sequestering or destruction of such privileged or otherwise protected documents, data, and/or information as provided in the subparagraphs above will not act as a waiver of

the receiving Party's right to move for the production of the returned, sequestered, or destroyed documents, data, and/or information on grounds the documents, data, and/or information are not in fact subject to a viable claim of privilege, immunity, or other protection. However, the receiving Party is prohibited and estopped from arguing that the producing Party's production of the documents, data, and/or information in this matter acts as a waiver of applicable privileges, immunities, or protections, that the disclosure of documents, data, or information by the producing Party was not inadvertent, that the producing Party did not take reasonable steps to prevent the disclosure of privileged or otherwise protected documents, data, or information, and/or that the producing Party did not take reasonable steps to rectify such disclosure.

(f)     This Stipulated Protective Order will be effective from the date on which it is signed by counsel for the Parties. Within sixty (60) days after the entry of a final non-appealable judgment or order concluding this Action or the complete settlement of all claims asserted, any Party that received "CONFIDENTIAL INFORMATION" shall ensure that all copies of "CONFIDENTIAL INFORMATION" (and all documents containing information derived therefrom) have been destroyed by the receiving Party, the receiving Party's counsel and any other such person(s) to whom the receiving Party directly or indirectly provided such documents or information in accordance

with the terms of this Agreement. Counsel for the receiving Party shall certify compliance with this Section within ninety (90) days after the judgment or complete settlement described above. Counsel of record may retain archival copies of papers filed with the Court, transcripts, work product, and correspondence that include "CONFIDENTIAL INFORMATION," but if counsel retains such information the confidentiality obligations of this Order as it pertains to counsel shall continue with respect to that information.

By:                                            By:
    John D. Goldsmith                     David H. Tennant


*Attorneys for Plaintiff*                      *Attorneys for Defendants*


**IT IS SO ORDERED.**


Dated:  November 3, 2022

                                      HON. JOHN P. CRONAN
                                      United States District Judge

New York, New York

## **EXHIBIT A**

I, _____ , do hereby declare and say that:

1.      I have read the Stipulated Protective Order and Clawback Agreement entered in

Case No. 1:20-cv-1213-JPC  and have received a copy of the Stipulated Protective Order and

Clawback Agreement (the "Stipulated Protective Order").

2.      I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL—

ATTORNEYS' EYES ONLY" information given to me only in a manner authorized by the

Stipulated Protective Order.

3.      I acknowledge that, by signing this agreement, I am subjecting myself to the

jurisdiction of the United States District Court for the Southern District of New York with

respect to enforcement of the Stipulated Protective Order.

4.      I understand that if I break any of my promises herein, disclose, or use any

"CONFIDENTIAL INFORMATION" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY"

information in any manner contrary to the provisions of the Stipulated Protective Order, I may be

subject to sanctions.


Executed this ____ day of _____ , 20___ in  _____  ,  _____.

                                                                     City                    State


_____          _____

Printed Name                                                      Signature