

Please reply to:
P.O. Box 1102
Tampa, FL 33601-1102
Direct Line: (813) 227-7456
Fax: (813) 229-6553
jgoldsmith@trenam.com

August 15, 2023

**Via ECF**

The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>  **Re:** **Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Capital Variable et al, Case No.: 1:20-cv-01213 (AS)**

Dear Judge Subramanian:

This is a status update provided on behalf of both parties pursuant to this Court's Order (Dkt. 88) directing the parties to provide a joint status report. A description of the information requested in the Order is followed by a response in **bold**.

1. Names of counsel and current contact information, if different from the information currently reflected on the docket: **Information unchanged.**

   **Plaintiff's counsel:
   John Goldsmith
   Trenam Law Firm
   101 E. Kennedy Blvd.
   Suite 2700
   Tampa, Florida 33602
   (813) 227-7456
   jgoldsmith@trenam.com**

TAMPA
Tel: 813.223.7474
Fax: 813.229.6553

101 E. KENNEDY BOULEVARD
SUITE 2700
TAMPA, FL 33602

WWW.TRENAM.COM

ST. PETERSBURG
Tel: 727.896.7171
Fax: 727.820.0835

200 CENTRAL AVENUE
SUITE 1600
ST. PETERSBURG, FL 33701

**Defense Counsel:**
**Jonathan D. Lupkin**
**Lupkin PLLC**
**80 Broad Street, Suite 3103**
**New York, NY 10004**
**Tel: (646) 367-2772 | Fax: (646) 219-4870**
**jlupkin@lupkinpllc.com**

**David Tennant**
**Law Office of David Tennant PLLC**
**3349 Monroe Avenue, Suite 345**
**Rochester NY 14618**
**585-281-6682**
**david.tennant@appellatezealot.com**

2.  The person serving as Lead Trial Counsel for each party -- **Plaintiff: John Goldsmith; Defendants: Jonathan D. Lupkin**

3.  A brief statement of the nature of the case: **This is a cause of action for damages and injunctive relief for breach of contract.**

4.  Brief explanation of why jurisdiction and venue lie in this Court: **Diversity jurisdiction. Plaintiff is a Florida limited liability company with BAF II Brands Holdings Inc, a Florida corporation, as its sole member. Plaintiff is a Florida limited liability company with all. Defendants are a Mexican corporation and Mexican citizens, all residing in Mexico. Venue is based on a contractual provision, since one of the original contracting parties was a New York corporation.**

    **Defendants contend that Diversity Jurisdiction may not exist based on the amount in controversy not appearing to exceed $75,000. Plaintiff recovered $270,000 (plus interest) in Mexico litigation, which was premised on promissory notes executed as part of the Memorandum of Understanding that is the contractual document at issue. After that payment, the amount of money owed by Defendants to Plaintiff is less than $75,000. Plaintiff also assert claims for specific performance but those claims are non-viable inasmuch as they seek distribution of non-existent stock from a non-existent corporation, which lies beyond the equitable powers of this Court to order. Defendants respectfully request the opportunity to brief the jurisdictional issue. Defendants also wish to raise the affirmative defense of Election of Remedies and suggest that this Defense may eliminate the need for trial.**



>   **Plaintiff strongly disagrees with Defendants' contention that they should be permitted to brief diversity jurisdiction issues and oppose their request for leave to amend to raise the affirmative defense of election of remedies.  First, courts exercising diversity jurisdiction must defer to the plaintiff's pleadings as to the amount in controversy so long as they were filed in good faith and the defense cannot show to a legal certainty that the plaintiff cannot recover above $75,000.** *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, **303 U.S. 283, 290-91 (1938).  Second, the amount in controversy for diversity jurisdiction is determined as of the filing of the lawsuit and is not lost by Plaintiff's subsequent reduction of its claim to less than the jurisdictional amount.** *Id.* **at 292. Third, any potential reduction of Plaintiff's claim, if any, as a result of the Mexican judgment did not occur until after this lawsuit was filed. Fourth, the value of the injunctive relief sought alone far exceeds the $75,000 jurisdictional floor, despite Defendants' claims above (which are certainly disputed) that Defendants have a defense to the injunction claims. Fifth, Plaintiff is greatly prejudiced by the delay that would be caused if the jurisdictional limit is briefed or if leave to amend is granted to add the election of remedies affirmative defense. Both issues could have been raised much earlier.  Discovery is closed and the deadline to file dispositive motions passed one month ago.  Further, in a status update filed with the Court on July 24, 2023, both parties stated that they are ready to go to trial and available for a November 2023 trial (Dkt. 85).**

5. A statement of all existing deadlines, due dates, and/or cut-off dates:  **There are no deadlines which have not already passed.  The time period to complete discovery (July 1, 2023) has passed and the time period to file dispositive motions has passed (July 15, 2023) without either party filing a dispositive motion.**

6. A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed:  **A telephonic case management conference is scheduled for August 21, 2023 at 2:00 PM (Dkt. 89).  The purpose of the conference is to set the case for trial.**

7. A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought:  **There are no outstanding motions.**

8. A statement and description of any pending appeals:  **There are no pending appeals.**



9. A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations: **The parties produced documents in response to each side's document production requests and no depositions were taken. The deadline to complete discovery was July 1, 2023.**

10. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands: **The parties engaged in a mediation in May 2023, which resulted in an impasse.**

11. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms: **As set forth above, the parties engaged in a private mediation at the end of May 2023 with a bilingual mediator which resulted in an impasse. Given the result of that recent mediation, the parties do not believe that a settlement conference before a magistrate or a second mediation will be fruitful.**

12. An estimate of the length of trial: **Five days.**

13. Any other information that the parties believe may assist the Court: **None.**

Please let us know if we can provide additional information.

Respectfully,

John D. Goldsmith
Counsel for Plaintiff

and

/s/ David Tennant
David Tennant
Counsel for Defendants

/jdg

