LUPKIN PLLC

80 Broad Street, Suite 3103
New York, NY 10004

———

Tel: (646) 367-2771
Fax: (646) 219-4870
www.lupkinpllc.com

December 27, 2023

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

>   Re:   *Live Brands Holdings, LLC v. Gastronómico Gracias a Dios, SRL de CV et al.*,
>         Case No. 1:20-cv-1213 (AS)

Dear Judge Subramanian:

I am Lead Trial Counsel for the defendants in the above-referenced action. Given the Court's recent ruling precluding plaintiff Live Brands Holdings from moving forward with its previously disclosed computation of damages, I am writing to ask that Live Brands Holdings be directed to supplement its damages disclosures under Rule 26(a)(1)(A)(iii).

This is not the first time this Court has had to intervene regarding Live Brands Holdings' damages disclosures. Your Honor may recall that Live Brands Holdings did not disclose the computation of damages required by Rule 26(a)(1)(A)(iii) until this Court ordered it to do so on August 21, 2023 — months after the close of discovery. Even then, Live Brands Holdings did not produce the document on which that computation was based until two days before the parties' pre-trial submissions were due.

At the hearing on December 21, 2023, the Court observed that Live Brands Holdings' late disclosures could be grounds for sanctions, but it stopped short of imposing them. Tr. at 36.[1] Instead, the Court precluded Live Brands Holdings from advancing its damages theory on a separate and independent basis — the Federal Rules of Evidence. *Id.*

---

[1] Relevant excerpts from the December 21, 2023, hearing transcript are enclosed with this letter. If the Court would like the entire transcript, we would be pleased to provide a full copy.

Hon. Arun Subramanian
December 27, 2023
Page 2 of 2

Specifically, plaintiff's theory required expert testimony, plaintiff did not disclose any expert witnesses, and, therefore, plaintiff could not advance its damages theory to the jury through its lay witnesses. *Id.* But the Court's ruling came with a caveat: it was unclear to the Court whether there might be other, admissible evidence, properly disclosed during the discovery period, that Live Brands Holdings could "use to establish a damages figure for trial purposes." *Id.* The Court therefore reserved ruling on that limited issue until the final pretrial conference (scheduled for January 4, 2024). *Id.* at 36-37.

On December 26, 2023, I asked plaintiff's counsel to confirm, by close of business today, whether and when Live Brands Holdings would supplement its damages disclosures to provide a new computation of damages and the documents on which that computation is based. Plaintiff's counsel has not responded to my request.

There are seven business days left before the start of the trial, and plaintiff has yet to identify its damages theory, computation, or supporting documents. Accordingly, we see no option but to ask the Court to direct Live Brands Holdings to make the required disclosures under Rule 26(a)(1)(A)(iii) no later than 5:~~00 p.m. tomorrow, December 28, 2023~~, or be barred from asserting any damages at trial. December 29, 2023 at 5 PM

Respectfully,

*/s/ Jonathan D. Lupkin*

Jonathan D. Lupkin

Encl. (1)

cc: All counsel via (ECF)

The motion is GRANTED, but the Court reserves judgment on whether any updated calculation will be admissible at trial. The parties should be prepared to discuss this issue at the final pretrial conference.

The Clerk of Court is directed to terminate the motion at ECF No. 121.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 29, 2023