

Please reply to:
P.O. Box 1102
Tampa, FL 33601-1102
Direct Line: (813) 227-7456
Fax: (813) 229-6553
jgoldsmith@trenam.com

January 8, 2024

**Via CM/ECF**

The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15A
New York, NY  10007

**Re:**   Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Capital Varieble, et al.
Case No.: 1:20-cv-01213 (AS)

Dear Judge Subramanian:

On behalf of Plaintiff, Live Brands Holdings, LLC, and pursuant to the Court's instruction, we hereby submit for your consideration authorities relevant to the issue of relief from a stipulated fact adduced by mistake.

Under New York law, "a stipulation entered into voluntarily should not be disturbed 'absent a showing of good cause such as fraud, collusion, mistake or duress, or unless the agreement is unconscionable or contrary to public policy, or unless it suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement.' " *In re Fosamax Products Liab. Litig.*, 815 F Supp 2d 649, 653 [SDNY 2011] (quoting *Katel Ltd. Liab. Co.,* 607 F.3d at 65–66 (2d Cir.2010)); *McCoy v. Feinman,* 99 N.Y.2d 295, 302, 755 N.Y.S.2d 693, 785 N.E.2d 714 (2002)); see also *In re Frutiger's Estate*, 29 NY2d 143, 149 [1971] ("The rule has been succinctly stated thus: 'The court has control over stipulations and power to relieve from the terms thereof when the parties can be placed in statu quo. But the stipulation will not be destroyed without a showing of good cause therefor, such as fraud, collusion, mistake, accident, or some other ground of the same nature.'"). On December 4, 2023, the parties filed a Stipulation of Facts for Trial that included the statement that "GAD Spirits, LLC was never created." ECF Doc. No. 112-1. In reliance on the representations of counsel for Defendants, undersigned counsel mistakenly understood that to be an accurate statement of fact.

TAMPA
Tel: 813.223.7474
Fax: 813.229.6553

101 E. KENNEDY BOULEVARD
SUITE 2700
TAMPA, FL 33602

WWW.TRENAM.COM

ST. PETERSBURG
Tel: 727.896.7171
Fax: 727.820.0835

200 CENTRAL AVENUE
SUITE 1600
ST. PETERSBURG, FL 33701

Hon. Arun Subramanian
January 8, 2024
Page 2

Subsequently, undersigned counsel learned that GAD Spirits, LLC was actually formed as a Florida limited liability company on July 5, 2018, effective July 1, 2018." *See* Electronic Articles of Organization for Florida Limited Liability Company (GAD Spirits, LLC) enclosed herewith.[1] Accordingly, Plaintiff requests that the Court furnish relief from the erroneous stipulation and preclude Defendants' from making argument to the jury predicated on a "fact" that is demonstratively and knowingly false.

"[I]f a party makes an untrue admission in his pleadings or enters into a false stipulation of facts through inadvertence or mistake, the court will generally grant permission to amend the pleading or withdraw the stipulation on good cause and in the furtherance of justice." *Sweeney v. City of New York*, 4 Misc. 3d 834, 837, 782 N.Y.S.2d 537, 543 [Sup. Ct. 2004]. Here, Plaintiff should be permitted to withdraw of the untrue admission that GAD Spirits, LLC was never created when, in fact, it was created concurrent with the execution of the Memorandum of Understanding ("MOU") at issue in this case. Moreover, the Court has its own fact-finding authority and is not bound by a stipulation of fact that is contrary to the evidence. *DMF Gramercy Enterprises, Inc. v Lillian Troy 1999 Tr.*, 123 AD3d 210, 213 [1st Dept 2014] ("While *litigants* are usually bound by their stipulations of fact, (*see e.g. Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez,* 561 U.S. 661, 130 S.Ct. 2971, 177 L.Ed.2d 838 [2010] ), the Court cannot be bound by a stipulation of fact that is contrary to the very evidence submitted by the parties.") (*citing Universal Camera Corp. v. NLRB*, 340 U.S. 474, 497, 71 S.Ct. 456, 95 L.Ed. 456 [1951]; *Donovan v. Hamm's Dr. Inn,* 661 F.2d 316, 317 [5th Cir.1981] [appellate court would reverse stipulation of fact "if the evidence contrary to the stipulation were substantial"]; *De Mayo v. Yates Realty Corp.,* 35 A.D.2d 700, 701, 314 N.Y.S.2d 918 [1st Dept.1970], *affd.* 28 N.Y.2d 894, 322 N.Y.S.2d 727, 271 N.E.2d 559 [1971]; *Socy. of New York Hosp. v. Burstein,* 22 A.D.2d 768, 253 N.Y.S.2d 753 [1st Dept.1964]; *accord Cappadona v. State of New York,* 154 A.D.2d 498, 500–501, 546 N.Y.S.2d 124 [2d Dept.1989] ).

In *Christian Legal Soc'y Chapter of the Univ. of Cal.,* the case relied upon by Defendants, the Supreme Court reached its conclusion that facts stipulated by the parties were deemed "undisputed" predicated upon the Northern District of California's Civil Local Rule 56–2 (ND Cal.2010). 561 U.S. at 676. The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York do not contain similar language regarding stipulated facts.

---

[1] Plaintiff requests that this Court take judicial notice of the information reflected in the Florida Secretary of State Division of Corporation's official government website.  *See, e.g., In re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-633 (E.D. La. 2008) (collecting cases permitting judicial notice of government websites).



Hon. Arun Subramanian
January 8, 2024
Page 3

---

      Lastly, upon review of discovery propounded in this matter, including Defendants' First Request for Production of Document, served June 7, 2022, Defendants did not request any documents concerning GAD Spirits, LLC. Neither was the creation of GAD Spirits, LLC an issue raised in the pleadings by any party. Indeed, upon information and belief, the purpose for which Defendants intend to present the stipulation to the jury is to argue that the GAD Shareholders could not contribute 50% of their shares to GAD Spirits since GAD Spirits, LLC was never created – but Defendants failed to plead impossibility, hindrance of contract or any other affirmative defense applicable to this issue. GAD should not now be permitted to advance a theory for avoidance of its obligations under the MOU that was never pled.

Respectfully,

Catherine M. DiPaolo

JDG/CMD

Encl.

cc: All counsel via (ECF)

