

Please reply to:
P.O. Box 1102
Tampa, FL 33601-1102
Direct Line: (813) 227-7456
Fax:  (813) 229-6553
jgoldsmith@trenam.com

January 11, 2024

**Via CM/ECF**

The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15A
New York, NY  10007

      **Re:**    *Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Capital Variable, et al.*
           Case No.: 1:20-cv-01213 (AS)

Dear Judge Subramanian:

    Plaintiff respectfully moves this court to substitute "Live Brands Holdings, LLC, a Delaware Limited Liability Company" with its principal place of business located in Florida (LB Delaware) as the plaintiff in this action and to remove "Live Brands Holdings, LLC, a Florida limited liability company" with its principal place of business located in Florida (LB Florida) pursuant to Rules 15(b), 17(a)(3) and 21 of the Federal Rules of Civil Procedure. As this Court knows, the case has been tried to a jury this week and after the close of evidence defendant moved for judgment as a matter of law under Rule 50 arguing that based on the undisputed evidence LB Delaware, not LB Florida, received the assignment of DSWS' rights under the Memorandum of Understanding (MOU) that is the basis of this action. Rule 17(a)(3) states:

> (3) *Joinder of the Real Party in Interest*. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

    Speaking generally about Rule 17(a) motions, as opposed to Rule 17(a)(3) involved here, the Second Circuit states: "A Rule 17(a) substitution of plaintiffs should be liberally

**TAMPA**
Tel: 813.223.7474
Fax: 813.229.6553

101 E. KENNEDY BOULEVARD
SUITE 2700
TAMPA, FL 33602

WWW.TRENAM.COM

**ST. PETERSBURG**
Tel: 727.896.7171
Fax: 727.820.0835

200 CENTRAL AVENUE
SUITE 1600
ST. PETERSBURG, FL 33701

Hon. Arun Subramanian
January 11, 2024
Page 2

---

allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v Bayfront Partners, Inc.*, 106 F3d 11, 20 (2d Cir 1997). This is consistent with the well-settled principle that, "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." *Staren v Am. Nat. Bank & Tr. Co. of Chicago*, 529 F2d 1257, 1263 [7th Cir 1976]." The language of Rule 17(a)(3) is mandatory, prohibiting the dismissal of an action without allowing the real party in interest to join. Whether the mandatory or "liberality" standard is employed, the Court should substitute LB Delaware as the real party in interest.

     Here the undersigned counsel for Plaintiff learned, after Defendant argued its Rule 50 motion, that the lawsuit identified the incorrect place where the Plaintiff was organized, stating that it was organized in Florida when instead it was organized in Delaware. Everything else alleged about the Plaintiff remains the same – its principal place of business is located in Florida and the sole member of the LLC is BAF II Brand Holdings, Inc., a Florida corporation with its principal place of business located in Florida. This situation falls squarely within the provisions of Rule 17((a)(3). The lawsuit was not prosecuted in the name of the real party in interest because the incorrect place of organization was identified in the Amended Complaint due to an honest, but embarrassing, mistake of the undersigned. It is undisputed that the real party in interest in this case is LB Delaware which, by this Motion, seeks to be substituted as the real party in interest. Since Rule 17(a)(3) is mandatory and LB Delaware is the real party in interest, Plaintiff respectfully moves this Court to substitute LB Delaware as the Plaintiff in this action. All other allegations of the complaint remain the same.

     Plaintiff, in the alternative, seeks relief under Rule 15(b) which provides in relevant part:

  (b) AMENDMENTS DURING AND AFTER TRIAL.

    (1) *Based on an Objection at Trial.* If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

    Rule 15, which generally governs motions to amend pleadings, "[i]t is 'within the sound discretion of the district court to grant or deny leave to amend.' " *Hart v. Suffolk Cnty.*, No. 17-CV-5067 (JS) (SIL), 2020 WL 4738243, at *2 (E.D.N.Y. Aug.15, 2020) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "Motions



Hon. Arun Subramanian
January 11, 2024
Page 3

---

to add parties are governed by Fed. R. Civ. P. 21 and are afforded the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.' " *Essani v. Earley*, No. 13-CV-3424 (JMA) (SIL), 2018 WL 3785109, at *4 (E.D.N.Y. Aug. 9, 2018) (quoting *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, Pierre v. County of Nassau, 2022 WL 2872651 (E.D.N.Y. July 21, 2022)), *adopted by*, 2018 WL 4100483 (Aug. 28, 2018); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("There is ... little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

In general, courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Ghaly v. Nissan Motor Acceptance Corp.*, No. 21-CV-1613 (JS) (JMW), 2021 WL 2550389, at *1 (E.D.N.Y. June 22, 2021) (quoting *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17- CV-02987 (ADS) (ARL) 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018)); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) (absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of [the] amendment" leave to amend "should, as the rules require, be freely given."). "The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." *Fahlund v. Nassau Cnty.*, 265 F. Supp. 3d 247, 253 (E.D.N.Y. 2017) (quoting *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994)). In *Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952) the Supreme Court granted leave to add two parties when the petitioner questioned the standing of the respondent for the first time in that Court.

In consideration of the foregoing, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v Davis*, 371 US 178, 181, 83 S Ct 227, 230, 9 L Ed 2d 222 [1962].

Respectfully,

John D. Goldsmith

JDG/CMD/imd
cc: All counsel via (ECF)

