# LUPKIN PLLC

80 Broad Street, Suite 3103
New York, NY 10004
———

Tel: (646) 367-2771
Fax: (646) 219-4870
www.lupkinpllc.com

January 11, 2024

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *Live Brands Holdings, LLC v. Gastronómico Gracias a Dios, SRL de CV et al.*,
      Case No. 1:20-cv-1213 (AS)

Dear Judge Subramanian:

I write on behalf of the defendants in the above-referenced action to respond to Plaintiff's motion to substitute LB Delaware for LB Florida as the plaintiff in this action.

This is not a matter of curing an "honest mistake" or a "technical procedural problem." Over the last four years, in three separate pleadings, LB Florida has repeatedly asserted that it is DSWS's successor-in-interest. *See* Exhibits A-C. Even after Defendants pointed out that the assignment-related documents LB Florida produced made no mention of LB Florida (they do mention LB Delaware), LB Florida made no effort to correct the record, much less amend its complaint. Thereafter, Defendants asked LB Florida to stipulate to the fact that the plaintiff in this case is a limited liability company formed and existing under the laws of the Florida, with its principal place of business in Florida. LB Florida signed the stipulation — a fourth judicial admission. *See* Exhibit D.

Defendants relied on LB Florida's four judicial admissions in devising their trial strategy. Defendants successfully moved to exclude the fragmentary assignment-related documents (PX-36 and PX-37, attached as Exhibits E and F) and elicited testimony that DSWS assigned its rights and obligations under the MOU to LB Delaware, thus proving that LB Florida was not the successor-in-interest. Had Defendants conceived of the possibility that LB Florida could escape its judicial admissions and substitute in a new plaintiff after trial, Defendants would have taken a very different approach and used PX-36 and PX-37 to challenge the validity of the assignment. (Thus, it is not — as LB Florida contends —

Hon. Arun Subramanian
January 11, 2024
Page 2 of 3

"undisputed that the real party in interest in this case is LB Delaware." ECF Doc. No. 136 at 2.) It is now too late for Defendants to take a different approach with the jury — worse, if LB Delaware suddenly becomes the plaintiff, Defendants will have inadvertently proved the first element of LB Delaware's claim. That would be an absurd and unjust result that could not be avoided without a new jury trial (the cost and delay of which also would prejudice Defendants).

LB Florida cites three statutes in support of its motion for leave to substitute LB Delaware as the plaintiff in this action. None of those statutes supports granting such a motion.

**Fed. R. Civ. P. 17(a)**

Rule 17(a)(3) substitution should be denied where — as here — the existing plaintiff lacks standing to pursue any of the claims in the litigation, since there was never a valid case or controversy to begin with. *Cortlandt Street Recovery Corp. v. Hellas Telecommunications, S.A.R.L.*, 790 F.3d 411, 422-23 (2d Cir. 2018); *Valdin Investments Corp. v. Oxbridge Capital Mgm't, LLC*, 651 Fed.Appx. 5, 7 (2d Cir. 2016) (summary order).

Even if this case were not a nullity, Rule 17(a) does not preclude dismissal once a reasonable time has been allowed for correction of the defect …." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11,19 (2d Cir. 1997) (citing Fed. R. Civ. P. 15 Advisory Committee Notes (1966)) (emphasis added). LB Florida has had four years to correct the "defect" in its case. Instead, it continued to double down — even after it produced documents indicating that, if there was an assignment, it would have been to LB Delaware, and even after Defendants pointed out that those documents did not mention LB Florida. Instead of investigating, LB Florida stipulated to the fact it now seeks to escape.

Nor is substitution mandatory, as LB Florida contends. Rather, a court may deny a Rule 17(a) substitution if doing so would "otherwise result in unfairness to defendants." *Klein v. Qlik Technologies, Inc.*, 906 F.3d 215, 226 (2d Cir. 2018). It may also do so "where there was no semblance of any reasonable basis for the naming of an incorrect party." *Advanced Magnetics*, 106 F.3d at 20. Respectfully, there is no semblance of any reasonable basis for the decision to file three complaints on behalf of an entity that does not exist.

**Fed. R. Civ. P. 15(b)**

LB Florida moves in the alternative under Rule 15(b)(1), which allows amendments during or after trial "[i]f, at trial, a party objects that evidence is not within the issues raised in the pleadings." That is not what happened here. Rather, evidence directly relevant to one of the key issues raised in the pleadings turned out to be dispositive. LB Florida cannot use 15(b) to escape the impact of relevant evidence adduced at trial.

Hon. Arun Subramanian
January 11, 2024
Page 3 of 3

Even if Rule 15(b) did apply here, the motion still should be denied. As LB Florida concedes, leave to amend should be denied where there has been undue delay or undue prejudice. ECF Doc. No. 136 at 3. Both are present here. LB Florida has "repeatedly failed to cure deficiencies by amendments previously allowed," (*see Foman v. Davis*, 371 U.S. 178, 182 (1962)), and — as explained above — there is no way to allow LB Delaware to substitute for the plaintiff in this case without severely prejudicing the defendants. "The prejudice inquiry is a 'key question' when considering whether to permit Rule 15(b) amendment." *Sivlerstein v. Penguin Putnam, Inc.*, 522 F.Supp.2d 579, 604 (S.D.N.Y. 2007).

**Fed. R. Civ. P. 21.**

It is unclear from LB Florida's brief whether it is relying on Rule 21. To the extent it is, that reliance is unavailing for at least two reasons. *First*, "[s]everal courts have recognized the impropriety of relying upon Rule 21 to substitute parties, as opposed to adding or dropping parties." *Fox v. Board of Trustees of State University of New York*, 148 F.R.D. 474, 484 n.25 (N.D.N.Y. 1993) (citing *Sable Comm's of California v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989); *Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir. 1980)). *Second*, as LB Florida acknowledges, Rule 21 motions are decided on the same standard as Rule 15 motions — *i.e.*, they focus on the prejudice that would be suffered by the non-moving party. *See* ECF Doc. No. 136 at 3.

Finally, LB Florida is precluded from arguing — contrary to its four judicial admissions — that the plaintiff in this case is, in fact, some other entity. *See Christian Legal Soc. Chapter of the University of California v. Martinez*, 561 U.S. 661 (2010).

LB Florida has been given more than enough opportunities to get its story straight on this and other issues. Yet, seemingly at every turn, LB Florida comes up with new documents, new information, or new arguments. Enough is enough. The evidence is closed and LB Florida — not Defendants — should bear the consequences of its own conduct.

Respectfully,

Michael B. Smith

Encl. (6)

cc:  All counsel via (ECF)